### Harry Johnson v. John Waters.

1. ESTOPPEL.—*Of a Party to Deny the Effect of His Act.*—When a party makes a declaration or does any act to induce another to do an act which he would not otherwise do, or to invest his money on the faith of such declaration or act, he will be estopped to deny the truth of his declaration or the just effect of his act.

Replevin.—Trial in the County Court of Morgan County; the Hon. CHARLES A. BARNES, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

ROBERT TILTON and M. T. LAYMAN, attorneys for appellant.

FRED H. ROWE and J. A. BELLATTI, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is a suit in replevin by appellant for the possession of two horses, a wagon and a set of harness. A trial by jury in the Circuit Court resulted in a verdict and judgment against him.

It appears from the evidence that appellant executed a chattel mortgage upon the property to Cunningham and Colton to secure the payment of two promissory notes for $70.35 each. Before the maturity of the notes Colton, claiming that he was authorized by appellant, sold the property to appellee for $70, and delivered to him the mortgage.

The sale was made dependent upon appellant willingly surrendering the property to appellee. Appellee at once notified appellant of the sale. Appellant at first refused to deliver the property because the validity of the mortgage was questioned, but, after parleying over the matter some time, consented and accepted the mortgage from appellee. After appellee had paid the $70. purchase money to Colton, and had had possession of the property about fourteen months, this suit was commenced.

From the foregoing statement it would seem clear that appellant should be estopped from recovering possession of the property. He contends, however, that the doctrine of estoppel can not be invoked against him because, when he delivered the property, it was with the distinct understanding that appellee should retain its possession only until it should be ascertained whether the mortgage was valid, and also because he was guilty of no misrepresentation or concealment that influenced the conduct of appellee to his prejudice.

While much is said about the validity of the mortgage, we do not regard that question as a controlling one. When appellee requested the possession of the property appellant was fully advised as to the conditions of the sale made by Colton under authority, or claim of authority, from appellant, what he was to receive for it and how he was to be paid. He knew appellee wanted a decisive answer, because his payment of the $70 to Colton was dependent upon such answer. It is difficult, then, to see what figure the validity of the mortgage can perform except as affecting the statement of appellant at the time of delivering the property and his subsequent conduct in not making earlier claim to

it. Independent of any chattel mortgage, if appellant knew that Colton had made a contract of sale under claim of authority from him, and he, in full possession of all the facts, surrendered the property to the purchaser and allowed the latter to retain possession until long after the purchase money had been paid, appellant should be estopped from repudiating the sale.

While it is true there was no fraudulent misrepresentation resorted to by appellant, his conduct and delay in asserting any claim to the property doubtless influenced appellee in making payment.

It should be remembered, also, that appellant has received credit for the purchase money on his indebtedness to Cunningham and Colton, and in a suit by that firm to recover the balance due on his notes, knowingly and willingly assented to the credit.

We think the evidence shows a clear case for an application of the doctrine of estoppel, and that the judgment is right. With that view it is unnecessary to discuss the instructions, some of which are subject to criticism. Any other judgment than that reached would be unjust, and we therefore affirm. Judgment affirmed.